IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAUDENE STRAIN, <br> 85 North Erin Avenue <br> Felton, Delaware 19943 <br><br> Plaintiff, <br><br> v. <br><br> SIMON PROPERTY GROUP, INC., <br> 115 W. Washington Street <br> Indianapolis, IN 46204 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No.: _____ <br><br> ACTION FOR PERSONAL <br> INJURY <br><br> DEMAND FOR TRIAL BY JURY |

**COMPLAINT**

Plaintiff, Claudene Strain ("Plaintiff"), by and through her undersigned attorney, Stephen P. Norman, hereby brings this action against Defendant Simon Property Group ("Defendant" or "Simon"), and in support thereof, alleges as follows:

**JURISDICTION AND VENUE**

1) This Court has jurisdiction over the claims asserted herein as there is diversity among the parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. 1332.

2) Venue is properly in this Court as the events that lead to the following causes of action arose in Anne Arundel County, Maryland.

**PARTIES**

3) Plaintiff is an adult individual and Delaware Resident who for purposes of this litigation can be reached through undersigned counsel at 30838 Vines Creek Rd., Unit 3, Dagsboro, Delaware 19939.

4) Defendant is a Delaware corporation with its principal offices located at 115 W. Washington Street, Indianapolis, Indiana 46204.

**GENERAL ALLEGATIONS**

5) On or about November 4, 2012, Plaintiff was shopping in the Arundel Mills mall, located in Hanover, Anne Arundel County, Maryland.

6) Defendant owns and operates Arundel Mills.

7) At all relevant times Plaintiff was taking all reasonable precautions for her own safety and well-being.

8) At the aforesaid time and place, a plastic hanger was dropped on the floor of the mall, where customers would regularly walk between stores. Defendant had notice of the hanger being on the floor, and sufficient time to request that one of its employees or agents remove the hanger from the area.

9) Defendant failed to remove the hanger from the area.

10) Plaintiff, while walking toward the Rack Room shoe store, did not see the hanger on the floor and stepped on it. The hanger slid under Plaintiffs weight and caused her to fall. Plaintiff sustained injuries as the result of her fall.

**COUNT I: PREMISES LIABILITY NEGLIGENCE**

11) Plaintiff re-alleges and incorporates by reference the allegations in the Common Allegations, above and below, as though fully set forth herein.

12) Defendant owed Plaintiff, an business invitee, a duty to exercise reasonable care to keep the premises reasonably safe and to make safe and repair any dangerous condition on

the land which the landowner and its agent either knows about or should discover upon a reasonable inspection of the property.

13) Defendant by and through the acts and/or omissions of themselves and/or their employees, servants, or agents, breached this duty by failing to discover and remedy the dangerous condition.

14) As a direct and proximate result of the Defendants negligence and breach of duties, Plaintiff fell on a plastic hanger, causing permanent bodily injuries to her person and which injuries have required Plaintiff to expend funds for medical treatment. In addition, Plaintiff has and will continue to suffer pain and discomfort of her body, suffer permanent disability, and lose a substantial amount of work related wages.

15) Plaintiff is entitled to actual and compensatory damages, medical expenses, attorney fees, lost wages, costs and interests, together with such other relief as the Court deems just.

## COUNT II:  NEGLIGENCE

16) Plaintiff re-alleges and incorporates by reference all of the allegations in this Complaint, above and below, as though fully set forth herein.

17) Plaintiff was an invitee onto Defendant's property as she was shopping within the mall.

18) Defendant owed a duty of care to Plaintiff, to keep its property in a safe condition, and to provide a safe place for Plaintiff to walk as she shopped.

19) Defendant breached its duty to Plaintiff by:

    a. negligently failing to exercise due care to keep the floor of its property in a reasonably safe condition;

    b. negligently failing to remedy an unsafe condition within a reasonable time frame;

    c. failing to properly supervise the common areas of the mall so as to furnish the Plaintiff with a place to walk free of hazards which were recognized or should have been recognized by Defendant as likely to cause harm to Plaintiff or others;

    d. failing to properly inspect the common areas and walkways of the mall;

    e. failing to warn Plaintiff of the presence of a hazard in the area where she was expected to walk; and

    f. failing to otherwise comply with the applicable laws and regulations of the State of Maryland.

20) As a direct and proximate result of Defendant's negligence, Plaintiff slipped and fell on a plastic hanger while walking from one store within the mall to another, and suffered significant, permanent injuries and damages.

    WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant and award Plaintiff actual and compensatory damages, medical expenses, pain and suffering damages, lost wages and earning capacity (past and future), punitive damages, costs, expenses, and interest, together with such other relief that the Court deems just and equitable, as well as trial by jury.

Respectfully Submitted,

**THE NORMAN LAW FIRM**

DATED: April 3, 2015

*/s/Stephen P. Norman*_____
Stephen P. Norman, Esquire, Bar ID 4620
30838 Vines Creek Rd. Unit 3
Dagsboro, Delaware 19939
(302) 537-3788
snorman@thenormanlawfirm.com
*Attorney for Plaintiff*